*245 OPINION.
Trammell:
On the three issues presented the respondent’s determination must prevail, because, in each instance, the proof is insufficient to show error in those determinations.
Our finding of fact that petitioner was regularly engaged in the sale of personal property on the installment plan is sufficient to bring the petitioner within the provisions of section 212 (d) of the Eevenue Act of 1926, entitling it to have its income from installment sales determined in accordance with the installment sales method. L. S. Weeks Co., 6 B. T. A. 300; Blum's, Incorporated, 7 B. T. A. 737; Warren Reilly, 7 B. T. A. 1327; Redlick-Newman Co., 8 B. T. A. 719; Mrs. C. H. Robinson, 8 B. T. A. 972. However, the petitioner has failed to establish such facts as will enable the Board to determine its income in accordance with the installment sales method, and the correct deficiency, if any, that is due. We are satisfied from the evidence that the net income reported in the original return of this petitioner for the year on appeal was computed on the accrual basis, and that the first attempt to return its income on the installment sales basis was made in the amended return filed on August 6, 1924. Clearly then, this petitioner is not entitled to the benefits of section 705 (a) (2) of the Eevenue Act of 1928, and if the net income is to be computed in accordance with the installment sales method, it must be in strict accord with the provisions of section 212 (d) of the Eevenue Act of 1926, that is, by including a proper proportion of all installment payments actually received during the year and which relate to sales effected in years prior to the change in basis for reporting income. Blum’s, Incorporated, supra; H. A. Dunham, 13 B. T. A. 582. That such installment payments were received during the year is evident both from the entries on the installment sales record and from the reduction during the year in the outstanding installment contracts antedating June 1,1918, the opening day of the fiscal year in controversy. The books of account were not placed in evidence and we were not given any facts upon which to predicate a finding or conclusion as to what proportion of such installment payments is to be *246 included in income. Without proof of the net income on the installment basis, we can not determine the true deficiency and we are not justified in disturbing the respondent’s determination of net income on another basis. Yost Furniture Co., 5 B. T. A. 652; Berkshire Cotton Manufacturing Co., 5 B. T. A. 1231; H. A. Dunham, supra.
Petitioner complains of respondent’s action in disallowing, as a deduction, $6,000 of the total bonuses and salaries paid to its officers during the year. The petitioner contends that, based upon the amount of time the officers devoted to the business and the total volume of sales for the year, the salaries paid were not excessive or unreasonable. At the beginning of the taxable year, the total authorized salaries to officers amounted to $9,640. The total salaries and bonuses paid to officers during the year amounted to $29,340, which was more than three times those authorized at the beginning of the year and presumably paid for the preceding year. Of the total increase of $19,700, the respondent allowed $13,700 and disallowed $6,000. The only evidence offered by the petitioner in support of its contention that the salaries paid were not excessive or unreasonable is that the increased business necessitated longer working hours and considerable night work on the part of the officers. It would appear, however, that the respondent gave due consideration to that condition in allowing a substantial part of the total increase in salaries. Certainly the evidence is not sufficient to support a finding of error in respondent’s action.
As pointed out in the findings of fact, there was discovered a discrepancy between the customer’s ledger accounts and the amount shown by accounts receivable control account, amounting to $9,892.61. The petitioner’s witness testified that he ascertained from the accounts that the discrepancies occurred some time prior to May 31, 1923, but admitted that he did not endeavor to ascertain in what year or years the amounts accumulated. He also admitted that it may have accumulated in any or all of the previous years. The respondent determined that $2,051.59 of this amount accrued during the fiscal year ending May 31, 1919. There has been nothing introduced into the record to show that this determination of the Commissioner was incorrect. The petitioner’s witness admitted that the proper allocation might have been determined from the books and records of the petitioner, but that it would have required considerable time to make the determination. Since the petitioner has failed to show the proper amount that should be allocated to the fiscal year ending May 31, 1919, and has introduced no evidence to show that the Commissioner’s determination is incorrect, that determination must be approved.

Judgment will he entered for the respondent.